David A. Bahr (Oregon Bar No. 901990)
(Application for admission *pro hac vice* pending)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439
davebahr@mindspring.com

*Plaintiff's Attorney*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHARLES SEIFE,**<br><br>   Plaintiff,<br><br>*vs*.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE,**<br><br>   Defendant. | Case No. 1:25-cv-9617<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act<br>Administrative Procedure Act |

Plaintiff, Charles Seife, ("Plaintiff" or "Seife"), alleges as follows:

## INTRODUCTION

**1.**   This action is premised upon, and consequent to, violations of both the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, or, in the alternative, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et. seq*. It challenges the unlawful failure of the Defendant, the United States Department of Justice ("DOJ"), to respond to Plaintiff's FOIA request within the time and in the manner required by FOIA. Consequently, the DOJ is unlawfully withholding information responsive to Plaintiff's FOIA requests that do not fall within the scope of FOIA's exemptions to mandatory disclosure.

**2.**     The purpose of the FOIA is "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S.Rep. No. 813, 89th Cong., 1st Sess., 3 (1965). The FOIA therefore requires federal agencies to disclose records to any person upon request unless the information falls within one of nine narrow disclosure exemptions listed in the Act. *See* 5 U.S.C. § 552(a)(3)(A), (b). Except in unusual circumstances, federal agencies generally must determine within twenty business days whether requested records are exempt from withholding and, if they are not, the agency must "promptly disclose" the records to the requester. 5 U.S.C. §§ 552(a)(6)(A)(i); *id.* at (a)(3)(A), (a)(6)(C)(i).

**3.**     On April 17, 2025, a letter the peer-reviewed journal *Chest* had received from Edward Martin, then the acting United States Attorney for the District of Columbia, began circulating in the public media. *See* Exhibit A. The letter was addressed to Peter Mazzone, *Chest*'s Editor in Chief, and asked questions about misinformation, viewpoint diversity, and bias. *Id.* at 1. It soon emerged that Martin sent similar letters to a number of other publications, including the *New England Journal of Medicine*, *Obstetrics and Gynecology*, and multiple others.[1] The number of letters that Martin sent, the targets of those letters, and the responses that the letters received is not publicly known. Overall, these letters have been understood by their recipients, and the larger public, as part of an attack upon the freedom of the press and the scientific method by the Trump Administration.[2] Jeremy Berg, the former editor in chief of the journal Science, observed that the "letters were designed to 'intimidate journals to bend over backward' to publish papers that align

---

[1] Rob Stein, *Medical journals hit with threatening letters from Justice Department*, National Public Radio (May 2, 2025), https://www.npr.org/sections/shots-health-news/2025/05/02/nx-s1-5374993/medical-journals-hit-with-threatening-letters-from-justice-department (last visited Nov. 12, 2025).

[2] Teddy Rosenbluth, "*Vaguely Threatening*": *Federal Prosecutor Queries Leading Medical Journal*, N.Y. Times (April 25, 2025), https://www.nytimes.com/2025/04/25/health/nejm-prosecutor-letter.html (last visited Nov. 12, 2025).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

with the administration's beliefs — on climate change and vaccines, for example — even if the quality of the research is poor."[3] Martin's inquisitorial letters were delivered in a context in which the Secretary of the United States Department of Health and Human Services, Robert F. Kennedy Jr., asserts that medical journals have been "lying to the public" and "retracting the real science."[4] Secretary Kennedy has even threatened to prosecute medical journals under federal anti-corruption laws: "I'm going to litigate against you under the racketeering laws, under the general tort laws," he said, "I'm going to find a way to sue you unless you come up with a plan right now to show how you're going to start publishing real science."[5] The broadly respected British medical journal The Lancet, cautioned that the "pursuit of rigorous medical science is not compatible with capitulation to government demands aimed at weaponising and eroding science" and described Martin's letters as "an obvious ruse to strike fear into journals and impinge on their right to independent editorial oversight."[6] "Science and medicine in the U.S.A. are being violently dismembered while the world watches," the editorial concluded.[7]

**4.**     The FOIA request at issue in this case seeks information illuminating the Department of Justice's letters to a number of scientific and peer-reviewed journals throughout the United States as described above. These communications have been described by journalists and editors as "threatening,"[8] presented with an intent "to intimidate,"[9] as a form of "harassment"[10] intended

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] Editorial, *Supporting medical science in the USA*, The Lancet (April 26, 2025), https://www.thelancet.com/journals/lancet/article/PIIS0140-6736(25)00814-1/fulltext (last visited Nov. 14, 2025).

[7] *Id.*

[8] Stein, *supra*, note 1.

[9] *Id.*

to undermine the scientific process.

**5.**    The DOJ violated the FOIA's provisions in processing Plaintiff's information request. First, the Agency has failed to issue a final determination on Plaintiff's administrative request within the time allowed by the Act. Second, DOJ. failed to release information that does not properly fall within the ambit of any of FOIA's disclosure exemptions. Third, DOJ has repeatedly failed to provide Plaintiff with an accurate estimated completion date (ECD) for his information request as required by FOIA.

**6.**    Plaintiff recognizes the realities of DOJ's workload as well as complications imposed by the recently concluded government shutdown and has been more than willing to give the Agency additional time to make the required determinations and to disclose requested records in this and many other matters. But in this case DOJ has missed every applicable deadline while showing little sign that it will ever actually disclose the requested records to Plaintiff on a timeline that will allow him to use them to provide meaningful public oversight of the Agency's operations and activities.

**7.**    Defendant is unlawfully withholding public disclosure of information sought by Plaintiff, information to which he is entitled and for which no valid disclosure exemption applies. Defendant violated the statutory mandates and deadlines imposed by FOIA through its failure to provide a final determination resolving Plaintiff's FOIA request within the time and manner required by law. Accordingly, Plaintiff seeks injunctive relief directing Defendant to promptly provide Plaintiff with the requested material. Plaintiff also seeks declaratory relief establishing that Defendant has violated the FOIA, or in the alternative, the APA.

---

[10] Evan Bush, *Medical journals complain of "harassment" from Justice Department*, National Broadcasting Corporation (April 25, 2025), https://www.nbcnews.com/science/science-news/medical-journals-complain-harassment-department-justice-rcna203091 (last visited Nov. 12, 2025).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

## JURISDICTION, VENUE AND BASIS FOR RELIEF

**8.**     This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28

U.S.C. § 1331 because this action arises under the FOIA, the APA, and the Declaratory Judg-

ment Act, 28 U.S.C. § 2201, *et seq*.

**9.**     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides

venue for FOIA cases in this district because the Plaintiff resides within this judicial district. As-

signment in this district is proper for the same reason.

**10.**     Declaratory relief is appropriate under 28 U.S.C. § 2201.

**11.**     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).


## PARTIES

**12.**     Plaintiff, Charles Seife, is a professor of journalism at New York University as well as an

award-winning reporter and author who is both widely published and read. In addition to having

published seven critically acclaimed books on mathematical and scientific subjects, his journal-

ism has appeared in numerous newspapers and magazines, including *The New York Times*, *The

Washington Post*, *The Philadelphia Inquirer*, *Science*, *The Los Angeles Times*, *The Economist*,

*Smithsonian*, *Discover*, *Scientific American*, and many other publications. He has written seven

books, including a work on mathematical and statistical deception, and won the PEN/Martha Al-

brand Award for First Nonfiction. Plaintiff regularly uses FOIA to investigate cases of potential

scientific misconduct and to understand the actions of federal agencies and how their actions af-

fect the quality of scientific research. For example, in an article for ProPublica, he used FOIA to

detail the FDA's decision to allow drugs that had been fraudulently tested at a bioequivalence lab

to remain on the market. He has similarly used FOIA as a key component of my science report-

ing on a number of other occasions, including an article in which he detailed the shortcomings

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

and conflicts of interest in the systems by which government funding is provided to prominent scientists who conduct research affecting the pharmaceutical industry. The records sought in this action are intended to further his journalistic investigations into whether and how the Department of Justice, generally, and Edward Martin, a former U.S. Attorney for the District of Columbia, specifically, have been attempting to use the power of the federal government to influence the actions of peer-review and other journals in the U.S. and abroad..

13.    Defendant United States Department of Justice, is an agency of the executive branch of the United States government and is in possession, custody, or control of the records sought by Plaintiff, and as such, it is subject to the FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

### Freedom of Information Act

14.    FOIA's "basic purpose" is "to open agency action to the light of public scrutiny." *U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 272 (1976)). It was enacted "to ensure an informed citizenry, promote official transparency, and provide a check against government impunity." *Transgender Law Ctr. v. Immigr. & Customs Enf't*, 33 F.4th 1186 (9th Cir. 2022).

15.    Congress enacted FOIA with the objective "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," to "permit access to official information long shielded unnecessarily from public view," and to create a "judicially enforceable public right to secure such information from possible unwilling official hands." *Dep't of Air Force v. Rose*, 425 U.S. at 360–61 (internal quotations omitted).

16.    In response to a FOIA request, an agency must conduct a reasonable search to find any responsive records. *Hamdan v. U.S. Dep't of Just.*, 797 F.3d 759, 770 (9th Cir. 2015). The

COMPLAINT                                6                        BAHR LAW OFFICES, P.C.
                                                                1035 ½ Monroe Street
                                                                Eugene, OR  97402
                                                                (541) 556-6439

agency bears the burden of demonstrating, "beyond a material doubt," that its search was "reasonably calculated to uncover all relevant documents." *Transgender Law Ctr.*, 33 F.4th at *11-13 (quoting *Hamdan*, 797 F.3d at 770).

17.    To achieve its goals of government transparency and accountability, FOIA "establish[es] a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, at 3 (1st Sess. 1965). Federal agencies must make records in their possession or control available to the public upon request, unless one of FOIA's specific and narrowly construed exemptions applies. 5 U.S.C. §§ 552(a) – (b).

18.    Consistent with FOIA's purpose of encouraging disclosure, these exemptions are discretionary, not mandatory. *Chrysler Corp. v. Brown*, 441 U.S. 281, 291 (1979). Withholding a record is permissible "only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption." 5 U.S.C. § 552(a)(8)(A).

19.    An agency bears the burden of proving that any record — or portion thereof — it seeks to withhold falls within one of FOIA's nine specific exemptions. 5 U.S.C. § 552(a)(4)(B). *See Schiller v. NLRB*, 964 F.2d 1205, 1207 (D.C. Cir. 1992) ("Under FOIA, 'the burden is on the agency to sustain its action.'"); *Assembly of State of California v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992) ("The government has the burden to prove that a requested document falls within one of FOIA's exemptions.").

20.    Consistent with encouraging disclosure, the exemptions under § 552(b) are discretionary, not mandatory. *Chrysler Corp.*, 441 U.S. at 291. "Subsection (b), 5 U.S.C. § 552(b), which lists the exemptions, simply states that the specified material is not subject to the disclosure obligations set out in subsection (a). By its terms, subsection (b) demarcates the agency's obligation to disclose; it does not foreclose disclosure." *Id*. at 292.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

21.     Given the policy behind FOIA, federal courts have consistently rejected agency attempts to prove withheld documents are subject to an exemption with only conclusory and generalized allegations of confidentiality. "We repeat, once again, that conclusory assertions of privilege will not suffice to carry the Government's burden of proof in defending FOIA cases." *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980); *see also Shannahan v. I.R.S.,* 672 F.3d 1142, 1148 (9th Cir. 2012) (holding agencies may not justify nondisclosure with conclusory or generalized allegations of confidentiality); *Anderson v. Dep't of Health & Human Servs*., 907 F.2d 936, 941 (10th Cir. 1990) ("The district court must determine whether all of the requested materials fall within an exemption to the FOIA and may not simply conclude that an entire file or body of information is protected without consideration of the component parts.").

22.     The Act further states that an agency may "withhold information under this section *only if* the agency reasonably foresees that disclosure would harm an interest protected" by one of FOIA's nine narrow exemptions to mandatory disclosure. 5 U.S.C. § 552(a)(8)(A)(i) (emphasis added). This so-called "foreseeable harm" requirement requires that when asserting an exemption to withhold information, an "agency invoking [a FOIA] exemption must provide a 'focused and concrete demonstration of *why* disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede those same agency [interests] going forward.'") *Reporters Committee for Freedom of Press v. FBI*, No. 20-5091, 2021 WL 2753938, at *12 (D.C. Cir. July 2, 2021) (emphasis added); *see also Ctr. for Investigative Reporting v. U.S. Customs & Border Prot*., 436 F. Supp. 3d 90, 106 (D.D.C. 2019) (explaining that agency must "identify specific harms to the relevant protected interests that it can reasonably foresee would actually ensue from disclosure of the withheld materials" and "connect [such] harms in a meaningful way to the information withheld") (cleaned up) (citation omitted).

23.     Further, even within a privileged document, any reasonably segregable portions that do

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

not reflect the agency's deliberative process must be separated and disclosed. The agency must establish that all reasonably segregable portions of a document have indeed been segregated and disclosed, and that any withheld records are within the scope of the claimed exemption. "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." *Anderson,* 907 F.2d at 941. Agencies cannot simply redact entire records or pages if a small portion is subject to an exemption. *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) ("If a document contains exempt information, the agency must still release 'any reasonably segregable portion' after deletion of the nondisclosable portions.") (quoting 5 U.S.C. § 552(b)). "[T]he exemptions to the FOIA do not apply wholesale. An item of exempt information does not insulate from disclosure the entire file in which it is contained, or even the entire page on which it appears." *Arieff v. Dep't of the Navy*, 712 F.2d 1462, 1466 (D.C. Cir. 1983).

**24.**    FOIA imposes strict and rigorous deadlines on federal agencies. Within twenty working days of receiving a FOIA request, the agency must make a final decision that notifies the requestor of the scope of the documents that the agency will produce, the scope of the documents that the agency believes exempt from disclosure, the reasons for any withholdings, and the requester's right to appeal any adverse determination. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(6)(A)(i).

**25.**    Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-business-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

**26.**    Congress has set forth narrow circumstances in which federal agencies may obtain more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circumstances the agency may toll the twenty business-day deadline for making its determination. 5

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

U.S.C. § 552(a)(6)(A)(ii) (providing for up to a ten-day tolling period to allow an agency to seek

information from a requester). Additionally, the agency may extend the twenty business- day

deadline for making that determination for an additional ten business days by providing a written

notice to the requester that sets forth the "unusual circumstances" that justify the deadline exten-

sion and the date on which the agency expects to make the determination. 5 U.S.C.§ 552(a)(6)–

(B)(ii). Further, the statute includes a specific definition of the term "unusual circumstances." 5

U.S.C. § 552(a)(6)(B)(iii). And when the agency notifies a requester of unusual circumstances

and the need for additional time, the agency's written notification "shall provide the person an

opportunity to limit the scope of the request so that it may be processed within that time limit or

an opportunity to arrange with the agency an alternative time frame for processing the request or

a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Moreover, an agency asserting that unusual cir-

cumstances prevent its compliance with FOIA's deadlines "shall make available its FOIA Public

Liaison, who shall assist in the resolution of any disputes between the requester and the agency."

*Id*.

**27.**    An agency's failure to timely respond to a FOIA request is itself a violation of the statute,

regardless of a request's final outcome. 5 U.S.C. § 552(a)(6)(A)(ii). *See Or. Nat. Desert Ass'n v.*

*Gutierrez*, 409 F.Supp.2d 1237, 1248 (D. Or. 2006), *aff'd in part, rev. on other grounds*, *Or. Nat.*

*Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009); *see also Our Children's Earth Found. v.*

*Nat'l Marine Fisheries Serv.*, 85 F.Supp.3d 1074, 1089-1090 (N.D. Cal. 2015).

**28.**    FOIA requires federal agencies to acknowledge receipt of FOIA requests or appeals,

provide requesters with the date or receipt, provide an individualized tracking number for each

request or appeal received that will take longer than ten days to process and provide an estimated

date on which the agency will complete action on a request or appeal. 5 U.S.C. §§ 552(a)(7)(A),

(B)(i), (ii).

10

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**29.**     An agency's failure to provide a FOIA requester with information about the status of the agency's response to an information request or appeal, including the date it originally received the request or appeal, provide an individualized tracking number for each request and appeal received that will take longer than ten days to process or provide an estimated date on which the agency will complete action on the request or appeal is itself a violation of the statute, regardless of a request's final outcome. *Muttitt v. United States Cent. Command*, 813 F.Supp.2d 221, 231 (D.D.C., 2011) (finding an agency pattern of failure to provide estimated FOIA request completion dates is actionable).

**30.**     A requestor has "exhausted his administrative remedies," 5 U.S.C. § 552(a)(6)(C)(i), and may sue in federal district court if the agency does not make a final decision on a request or appeal within twenty working days of receipt.

**31.**     A federal district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

**32.**     If an agency can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C. § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii).

**Administrative Procedure Act**

**33.**     The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

entitled to judicial review thereof." 5 U.S.C. § 702.

34.     The term "agency action" includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." *Id.* § 551(13).

35.     A court reviewing a claim under 5 U.S.C. § 702 "shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." *Id.* § 706. The reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed" and "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law." *Id.* §§ 706(1), (2)(A); *see also id.* §§ 706(2)(C)-(D) (providing that courts shall hold unlawful and set aside agency action taken "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or taken "without observance of procedure required by law"). "[A]n agency action must comply with the agency's governing statutes and regulations," and, if it does not comply, that provides grounds for APA relief. *Bean v. Perdue*, 316 F. Supp. 3d 220, 227 (D.D.C. 2018); *see also, e.g.*, *Am. Vanguard Corp. v. Jackson*, 803 F. Supp. 2d 8, 13-14 (D.D.C. 2011) (relying on, *inter alia*, *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)); *Fuller v. Winter*, 538 F. Supp. 2d 179, 186 (D.D.C. 2008).

36.     Agency action arising under FOIA has also been held to be subject to judicial review under the APA. *See, e.g., Or. Nat. Desert Ass'n*, 409 F.Supp.2d at 1248 (finding that violation of FOIA's decision deadline constitutes APA violation for an agency action that is not in accordance with the law).

37.     The APA authorizes district courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or made without observation of required procedures. 5 U.S.C. § 706(2).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

## STATEMENT OF OPERATIVE FACTS

**38.**     On July 17, 2025, via email attachment sent to DOJ's Executive Office of United States

Attorneys at usaeo.foia.requests@usdoj.gov, Plaintiff submitted a FOIA request to Defendant

seeking:

> • Letters, memos, emails, or other correspondence from Edward Martin or direct
> subordinates in the office of the United States Attorney for the District of Colum-
> bia to publications or publishers (scientific or otherwise) or their editors, publish-
> ers, writers, or other officers since April 1, 2025.

> • Responses received by Edward Martin or the Department of Justice to the
> abovementioned letters, memos, emails, or other correspondence – including any
> written, electronic, or tapes/notes of oral or video responses.

Exhibit A at 1. Plaintiff further requested an estimated completion date ("ECD") for his request.

*Id*. at 4.

**39.**     Not having received any response from Defendant, on July 24, 2025, Plaintiff again cor-

responded with Defendant (both by U.S. Post and email sent to usaeo.foia.requests@usdoj.gov),

stating: "I have received no acknowledgment of the receipt of this FOIA request. Please ac-

knowledge receipt as soon as you are able."

**40.**     On July 25, 2025, Defendant finally responded to Plaintiff by email with an attached let-

ter (by its date, purporting to have previously been sent to Plaintiff by email on July 21, 2025 but

which was not received before July 25, 2025) that assigned tracking number **EOUSA-2025-**

**005009** to Plaintiff's request.

**41.**     Defendant's July 25, 2025 letter did not provide an estimated completion date for Plain-

tiff's FOIA request nor did it indicate the date the request was received by Defendant, both of

which were required by FOIA. 5 U.S.C. § 552(a)(7)(B).

**42.**     Not having received any additional response from Defendant, on September 3, 2025,

Plaintiff was again required to send an email stating: "I wish to check on the status of this FOIA

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

request; where is it in the queue? Once again, I request an estimated completion date for the request."

**43.**    Not having received any response to his September 3, 2025 correspondence, on September 5, 2025, Plaintiff was again required to send an email stating: "I have not yet received a response to this email; please let me know the status of my FOIA request."

**44.**    Finally, later that same day, Defendant sent Plaintiff an email stating, in its entirety: "Unfortunately, we are still waiting for any responsive records from the District. They have not advised on the estimated date they will be able to provide the records to us."

**45.**    Notably, Defendant did not provide an estimated completion date for Plaintiff's FOIA request, notwithstanding Plaintiff's repeated ECD entreaties.

**46.**    After allowing the passage of almost two weeks of Defendant's silence, on September 16, 2025, Plaintiff again sent an email to Defendant inquiring as follows: "I'm just circling back. Might I get an estimated completion date at this point?"

**47.**    On September 19, 2025, Defendant's FOIA staff responded with an email stating, in its entirety: "We have received responsive records and are in our queue for processing. We process records on a first-in, first-out basis. We do not have an estimated time for completion at this time."

**48.**    On October 26, 2025, Plaintiff again sent an email to Defendant, stating: "I am checking in. Might I get an estimated completion date? Where am I in the queue?".

**49.**    On November 9, 2025, Plaintiff again sent Defendant an email requesting an estimated completion date for his FOIA request.

**50.**    Finally, on November 13, 2025, Plaintiff sent Defendant another request for an estimated completion date for his FOIA requests and informed the Agency that if it did not respond by 5 pm EST on November 17, 2025 with either a final decision on his request or a reasonable esti-

COMPLAINT                                    14

mated completion date, litigation would be required. In so doing, Plaintiff intentionally waited for resolution of the lapse of federal appropriations to afford Defendant the opportunity to re-staff its FOIA office and take action to avoid the filing of this Complaint; DOJ did not avail itself of this option and thus required the fling of this suit.

51.    The FOIA requires an agency to issue a final determination resolving a FOIA request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

52.    Defendant failed to issue a final decision on Plaintiff's FOIA request **EOUSA-2025-005009** within 20 business days of it submission to Defendant request as required by 5 U.S.C. § 552(a)(6)(A)(i).

53.    Defendant failed to provide a written notice to the Plaintiffs asserting that "unusual cir-cumstances" prevented it from compliance with FOIA's decision deadline and providing the date on which the Agency expected to make the determination on FOIA request **EOUSA-2025-005009**. 5 U.S.C. § 552(a)(6)(B)(ii).

54.    The deadline for issuing a final determination of Plaintiff's FOIA request **EOUSA-2025-005009** has elapsed.

55.    As of the date of filing this lawsuit, Plaintiff has not received a final decision on his out-standing FOIA request **EOUSA-2025-005009.**

56.    As of the date of filing this lawsuit, Plaintiff has not received any of the records respon-sive to his outstanding FOIA request **EOUSA-2025-005009.**

57.    None of FOIA's nine exemptions to mandatory disclosure apply to the information cur-rently being withheld by the DOJ that is responsive to Plaintiff's FOIA request.

58.    Because the DOJ has not provided a final determination on Plaintiff's FOIA request **EOUSA-2025-005009,** Plaintiff has not filed an administrative appeal of his request and there-fore has constructively exhausted all administrative remedies required by FOIA. 5 U.S.C. §§

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

552(a)(6)(A), (a)(6)(C).

**59.**    The filing of this lawsuit is necessary to compel Defendant to disclose all records that are responsive to Plaintiff's FOIA requests at issue in this case.

**60.**    No exceptional circumstances exist within the meaning of FOIA that would allow this Court to grant Defendant more time to review and disclose requested records. 5 U.S.C. § 552(a)(6)(C).

**61.**    Defendant has not exercised due diligence in searching for and releasing records responsive to Plaintiff's request.

**62.**    The delays at issue in this case result from a predictable agency workload in responding to the public's FOIA requests. Defendant has not made reasonable progress in reducing their backlog of pending requests.

**63.**    The circumstances surrounding the withholdings raise questions regarding whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

**64.**    Based on the nature of Plaintiff's professional activities, he will continue to employ FOIA's provisions for information requests to Defendant in the foreseeable future. Plaintiff's professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate Plaintiff's procedural and substantive rights to receive public records under FOIA.

**65.**    Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**66.**    Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

COMPLAINT                                              16

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING

**67.**     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**68.**     Plaintiff has a statutory right to the records he seeks, and there is no legal basis for Defendant DOJ to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

**69.**     Defendant DOJ violated Plaintiff's rights in this regard by failing to comply with FOIA's decision deadlines and thus constructively withholding information responsive to Plaintiff's FOIA requests.

**70.**     Based on the nature of Plaintiff's professional activities, he will undoubtedly continue to employ FOIA's provisions in information requests to Defendant DOJ in the foreseeable future.

**71.**     Plaintiff's professional activities will be adversely affected if Defendant DOJ is allowed to continue violating FOIA's disclosure provisions as it has in this case.

**72.**     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant DOJ will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**73.**     Plaintiff is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

### COUNT II
### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### DECISION DEADLINE VIOLATION

**74.**     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

COMPLAINT                                          17                          BAHR LAW OFFICES, P.C.
                                                                               1035 ½ Monroe Street
                                                                               Eugene, OR  97402
                                                                               (541) 556-6439

**75.**     Plaintiff has a statutory right to have Defendant DOJ process his FOIA request in a manner which complies with FOIA. Plaintiff's rights in this regard were violated when the Defendant DOJ unlawfully delayed its response to his information request beyond the determination deadlines imposed by the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

**76.**     Defendant DOJ is unlawfully withholding public disclosure of information sought by Plaintiff, information to which he is entitled and for which no valid disclosure exemption applies.

**77.**     Based on the nature of Plaintiff's professional activities, he will undoubtedly continue to employ FOIA's provisions in information requests to Defendant DOJ in the foreseeable future.

**78.**     Plaintiff's professional activities will be adversely affected if Defendant DOJ is allowed to continue violating FOIA's decision deadlines as it has in this case.

**79.**     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant DOJ will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**80.**      Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

### COUNT III
### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### FAILURE TO PROVIDE AN ACCURATE ESTIMATED DATE ON WHICH THE
### AGENCY WILL COMPLETE ACTION ON PLAINTIFF'S
### FOIA REQUEST

**81.**     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**82.**     FOIA requires federal agencies to provide the requester with information about the status of the agency's response to the request, including an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7)(B)(ii).

**83.**     Plaintiff asked DOJ numerous times for estimated dates of completion for his pending

FOIA request. In so doing, Plaintiff invoked 5 U.S.C. § 552(a)(7)(B)(ii).

**84.**     Defendant DOJ has repeatedly failed to provide an accurate estimated date of completion

for Plaintiff's FOIA request at issue in this case.

**85.**     Based on the nature of Plaintiff's professional activities, he will undoubtedly continue to

employ FOIA's provisions in information requests to Defendant DOJ in the foreseeable future.

**86.**     Plaintiff's professional activities will be adversely affected if Defendant DOJ is allowed

to continue violating FOIA's requirement to provide estimated completion dates as it has in this

case.

**87.**     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court,

Defendant DOJ will continue to violate the rights of Plaintiff to receive public records under the

FOIA.

**88.**      Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to

FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT IV**
**VIOLATION OF FOIA AND THE APA:**
**ENGAGING IN A PATTERN, PRACTICE OR POLICY OF UNLAWFUL CONDUCT**
**OF FAILURE TO PROVIDE ACCURATE ESTIMATED COMPLETION DATE**

**89.**     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs.

**90.**     DOJ has adopted and is engaged in a pattern, practice, or policy of violating FOIA's

procedural requirements when processing FOIA requests by repeatedly refusing to issue an

accurate estimated date on which DOJ will complete action on such requests as required by 5

U.S.C. § 552(a)(7)(B)(ii). To the extent that DOJ asserted any ECDs in this case, they appear to

have been automatically generated without any regard to the specific nature of the request or

appeal at issue and the actual estimated time it would take to resolve.

**91.**     On information and belief, DOJ has a pattern, practice, or policy of not providing

requesters with accurate estimated dates of completion for FOIA request and instead applying

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

generic dates that do not reflect the specific nature or scope of a particular request or appeal.

**92.**    In this case, DOJ has engaged in a pattern, practice, or policy of violating FOIA in responding to Plaintiff's request and appeal by repeatedly failing to provide accurate estimated dates by which DOJ will complete Plaintiff's request and appeal.

**93.**    DOJ's pattern, practice, or policy of failing to provide accurate estimated completion dates for processing information request violates the intent and purpose of FOIA.

**94.**    DOJ's patterns, practices, or policies for processing FOIA request have resulted in violations of Plaintiff's rights to the lawful implementation of FOIA as alleged above.

**95.**    Additionally, DOJ's patterns, practices, or policies for processing FOIA request are likely to result in future violations of FOIA that will harm Plaintiff because Plaintiff is likely to continue seeking public records from DOJ.

**96.**    DOJ's patterns, practices, or policies of unlawful conduct in violation of FOIA's clear requirement to issue an estimated date on which DOJ will complete action on request is likely to recur absent intervention by this Court.

**97.**    DOJ's pattern, practice, or policy exists, whether formal or informal in nature.

**98.**    FOIA imposes no limits on courts' equitable power to enforce its terms, and this Court should exercise its equitable powers to compel DOJ to comply with the clear requirements of FOIA and prevent DOJ from continuing to apply its unlawful FOIA pattern, practice, or policy.

**99.**    Plaintiff is entitled to a declaration that DOJ's actions violated FOIA and to an injunction barring DOJ from violating FOIA in the future when responding to his FOIA requests or associated appeals. Whether granted under FOIA or the APA, declaratory or injunctive relief will clarify and settle the legal relations at issue and afford relief from the uncertainty and controversy that gave rise to these proceedings.

**100.**    DOJ's unlawful patterns, practices, or policies of violating FOIA when responding to

COMPLAINT                                      20

Plaintiff's FOIA request entitles Plaintiff to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

## COUNT V
### (In the alternative to Counts I through IV)

### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT:
### FAILING TO COMPLY WITH FOIA IN RESPONDING TO
### PLAINTIFF'S FOIA REQUEST

**101.**    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**102.**    Defendant DOJ has failed to act in an official capacity under color of legal authority by failing to comply with the mandates of FOIA consequent to its failure and refusal to provide Plaintiff with specific and accurate estimated completion date for his FOIA request.

**103.**    Defendant DOJ has unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to provide Plaintiff with specific and accurate estimated completion date for his FOIA request

**104.**    Plaintiff has been adversely affected and aggrieved by the Defendant DOJ's failure to comply with the mandates of FOIA. Defendant's failure and refusal to provide Plaintiff with specific and accurate estimated completion date for his FOIA request, has injured Plaintiff's interests in public oversight of governmental operations and constitute a violation of Defendant DOJ's statutory duties under the APA.

**105.**    Plaintiff has suffered a legal wrong as a result of the Defendant DOJ' failure to comply with the mandates of FOIA. Defendant DOJ's failure and refusal to provide Plaintiff with specific and accurate estimated completion date for his FOIA request, has injured Plaintiff's interests in public oversight of governmental operations and constitute a violation of Defendant DOJ's statutory duties under the APA.

**106.**    Defendant DOJ's failure and refusal to provide Plaintiff with specific and accurate esti-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

mated completion date for his FOIA request, constitutes agency action unlawfully withheld and unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

**107.**    Alternatively, Defendant DOJ's failure and refusal to provide Plaintiff with specific and accurate estimated completion date for his FOIA request, is in violation of FOIA's statutory mandates and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2).

**108.**    Plaintiff is entitled to judicial review under the Administrative Procedure Act 5 U.S.C. §§ 702, 706.

**109.**    Plaintiff is entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

**1.**    Order Defendant in the form of injunctive relief to promptly provide Plaintiff all of the information sought in this action;

**2.**    Declare Defendant's failure to disclose the information requested by Plaintiff to be unlawful under the FOIA, 5 U.S.C. § 552(a)(3), as well as agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**3.**    Declare Defendant's failure to make a timely determination on Plaintiff's administrative request to be unlawful under the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), as well as agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**4.**    Declare Defendant's failure to provide Plaintiff with specific and accurate estimated

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

completion date to be unlawful under the FOIA, 5 U.S.C. § 552(a)(7)(B)(i), as well as agency

action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capri-

cious, an abuse of discretion and not in accordance with law, 5 U.S.C. § 706(2);

**5.**     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E)

and 28 U.S.C. § 2412, or any other applicable law;

**6.**     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

**7.**     Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted for the Court's consideration, this 18th day of November 2025.

      s/ David Bahr
David Bahr (Oregon Bar No. 901990)
(*pro hac vice* pending)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439
davebahr@mindspring.com

*Plaintiff's Counsel*

**NEW YORK UNIVERSITY**

ARTS & SCIENCE

**Charles Seife**, Director
**ARTHUR L. CARTER JOURNALISM INSTITUTE**

Arla Witte-Simpson
FOIA Public Liaison
Executive Office for United States Attorneys
Department of Justice
175 N Street, N.E.
Suite 5.400
Washington, DC 20530-0001
usaeo.foia.requests@usdoj.gov

VIA EMAIL

17 July 2025

This is a request under the Freedom of Information Act, 5 U.S.C. § 552. I am a journalist and professor of journalism and am looking into the circumstances around the recent communications between the Department of Justice and the representatives of a number of peer-reviewed and other science journals, including but not limited to requests for information signed by Edward Martin, former acting United States Attorney for the District of Columbia.

**Context:**

On April 17, the peer-reviewed journal *Chest* published a letter of inquiry it had received from the abovementioned Edward Martin. The letter dated April 14 2025, was addressed to Peter Mazzone, *Chest*'s Editor in Chief, and asked various questions about misinformation, viewpoint diversity, and bias. The letter sought a response by May 2, 2025.

It soon emerged that Martin sent letters to a number of other publications, including the *New England Journal of Medicine*, *Obstetrics and Gynecology*, and multiple others. The letters were described by a number of journalists and editors as "threatening," "intimidat[ing]," and as a form of "harassment" intended to undermine the scientific process.

**The Request:**

I request copies of the following:

- Letters, memos, emails, or other correspondence from Edward Martin or direct subordinates in the office of the United States Attorney for the District of Columbia to publications or publishers (scientific or otherwise) or their editors, publishers, writers, or other officers since April 1, 2025.

- Responses received by Edward Martin or the Department of Justice to the abovementioned letters, memos, emails, or other correspondence – including any written, electronic, or tapes/notes of oral or video responses.

Please include all such documents responsive to the requests above, and be sure to include any that are related to the following non-exclusive list of publications:



**NEW YORK UNIVERSITY**

ARTS & SCIENCE

**Charles Seife**, Director
**ARTHUR L. CARTER JOURNALISM INSTITUTE**

- *Chest* and/or other publications of the American College of Chest Physicians
- The *New England Journal of Medicine* and/or other publications of the Massachusetts Medical society
- *Obstetrics and Gynecology* and/or other publications of the American College of Obstetrics and Gynecology
- *The Journal of the American Medical Association*, and/or other publications of the American Medical Association
- *Science* magazine and/or and/or other publications of the American Association for the Advancement of Science
- *Nature* magazine, *Scientific American* magazine, and/or other publications of Nature Publishing Group or Springer Nature or Holtzbrinck Publishing Group
- *Cell* magazine, *Lancet* magazine and/or other publications of Cell Press or Elsevier.
- *PLOS One* and/or other publications of the Public Library of Science
- *Sexualities* and/or other publications of Sage Press
- *The Journal of Psychology and Human Sexuality* and/or other publications of Taylor & Francis
- Any other scientific journal, scientific publisher. or scientific society and/or its editors, publishers or officers

While I am not certain, I suspect that many, if not all of these letters are close to "boilerplate" – the *Chest* letter had phrases like "journals and publications," "scientific debates," and "competing viewpoints" that might be of assistance in locating at least some of these correspondences.

In case any information responsive to this request is withheld, I request:

a) that a reason for the withholding is given in writing

b) that the nonexempt portions of those records be released with the omissions clearly marked and the reason for the omissions clearly explained

c) that all documents responsive to this request be identified in the response to this FOIA, regardless of whether those documents are releasable or not

If possible, I would like to receive the documents in electronic format.

**The Requestor:**

I am a journalist, professor of journalism at New York University, and I am the director of the Arthur L. Carter Journalism Institute at NYU. I have been a journalist and investigative reporter with a focus on science, data, and mathematics for three decades. I hold a Master's degree in journalism from Columbia University, a Master's degree in mathematics from Yale University, and a Bachelor's degree in mathematics from Princeton University. Before joining the faculty at NYU in 2005, I was a writer for eleven years, including eight years as a writer for *New Scientist* and *Science* Magazine, where I specialized in physics and mathematics reporting. My work has appeared in *The Economist*, *Scientific American*, *The Philadelphia Inquirer, The Washington Post*, *The New York Times*, and numerous other publications. I am a member of the
National Association of Science Writers and PEN. I have written seven books, including a work on mathematical and statistical deception, and won the PEN/Martha Albrand Award for First Nonfiction.

20 Cooper Square, 6th Floor, New York, NY 10003
T. 212.998.7894 | F. 212.995.4148 | charles.seife@nyu.edu | www.journalism.nyu.edu

Complaint Exhibit A - Page 2

 NEW YORK UNIVERSITY

# NEW YORK UNIVERSITY

## ARTS & SCIENCE

**Charles Seife**, Director
**ARTHUR L. CARTER JOURNALISM INSTITUTE**

I regularly use FOIA and data analysis to investigate cases of potential scientific misconduct and to understand the actions of federal agencies and how their actions affect the quality of scientific research. For example, in an article for *ProPublica*,1 I detailed the FDA's decision to allow drugs that had been fraudulently tested at a bioequivalence lab to remain on the market. My reporting explored how the FDA had found the lab's violations so "egregious" that the studies conducted there over four years might have been worthless, yet the FDA did not warn patients or doctors about the potentially affected drugs. Through FOIA requests, I was able to discover that about 100 drugs had been approved by the FDA, at least in part, on the strength of tainted tests and to identify a number of the drugs that were still being sold in the United States.

I have similarly used FOIA as a key component of my science reporting on a number of other occasions, including in connection with a report for *Scientific American.* In the article, I detailed the shortcomings and conflicts of interest in the systems by which government funding is
provided to prominent scientists who conduct research affecting the pharmaceutical industry. I also used FOIA in connection with a peer-reviewed article on research misconduct that was published in the top medical journal *JAMA Internal Medicine*. This paper demonstrated that FDA findings of significant departures from good clinical practice in the conduct of research studies are rarely disclosed in the peer-reviewed reports on the results of those studies, even when the FDA has found evidence of data fabrication or other forms of research misconduct. To reach this conclusion, I conducted a cross-sectional analysis on fifteen years of published reports describing FDA inspections where significant evidence of objectionable conditions or practices was found. Then, with information gleaned from FOIA requests, I was able to identify seventy-eight published reports on trials in which significant violations had been found. Only three (4%) mentioned the objectionable practices the FDA had identified.

This request is intended to further my journalistic investigations into whether and how the Department of Justice, generally, and Edward Martin, the U.S. Attorney for the District of Columbia, specifically, is attempting to affect the actions of peer-review and other journals in the U.S. and abroad.

**The Fee Waiver Request:**

I am a representative of the news media: as amply evidenced by my history and production of journalistic articles and books, I gather information of potential interest to a segment of the public, I use my editorial skills to turn the raw materials into a distinct work, and I distribute that work to an audience. Therefore, I meet the statutory and regulatory definition of a representative of the news media (28 CFR § 16.10(b)(6)) and, by statute and regulation, I am not subject to search fees (28 CFR § 16.10(c)(1)(iii)).

I further assert that there should be a waiver of all fees because disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government; in addition, the request is not primarily in my commercial interest.

Upon receipt of this information, I intend to write an article that examines the questions raised by these correspondences and the way that the government's relationship to the scientific establishment has changed as a result.



**NEW YORK UNIVERSITY**

ARTS & SCIENCE

**Charles Seife**, Director
**ARTHUR L. CARTER JOURNALISM INSTITUTE**

Disclosure of the information is in the public interest because: (a) the subject concerns direct and clear operations and activities of the federal government, specifically the apparent attempt to gather information from and possibly affect the behavior of scientific and other publications; (b) it will be meaningfully informative about government operations and activities so that it will be "likely to contribute" to an increased public understanding of those operations and activities; specifically, the requested information would inform the public about the interactions between government agencies and the organs by which scientific information is vetted and promulgated; (c) the disclosure will contribute to the understanding of a reasonably broad audience of persons interested in the subject; specifically, it is my intention to use this information to generate a journalistic work that will potentially reach hundreds of thousands of interested readers and viewers - it is my journalistic assessment that such an audience is indeed broad; (d) disclosure will be "meaningfully informative about government operations or activities" by adding new information to the public's understanding of the agency's operations or activities; among other things, it will shed light on the scope of the operation to gather information from publications and whether the Department of Justice's inquiry was perceived by the publications as an act of intimidation, neither of which is known in any detail at this point.

**Conclusion:**

For the foregoing reasons, I respectfully request that DOJ promptly provides access to the requested information and waive any fees associated with that response. Although we expect full compliance with FOIA's statutory deadlines, if you do not think you can satisfy these legal requirements, we again ask that you provide the date that you received this request as well as an estimated completion date as mandated by 5 U.S.C. § 552(a)(7)(B)(ii). Finally, to the extent that the information can be released in electronic format, I ask that you do so.

Please do not hesitate to let me know if I can help you in your efforts to publicly disclose the important information contained in the requested documents.

Sincerely,

Charles Seife

20 Cooper Square, 6th Floor, New York, NY 10003
T. 212.998.7894 | F. 212.995.4148 | charles.seife@nyu.edu | www.journalism.nyu.edu

Complaint Exhibit A - Page 4

